UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peter Szanto,<br><br>　　　　　Debtor-Appellant,<br><br>v.<br><br>Chase Bank,<br><br>　　　　　Creditor-Appellee. | Case No.: 22cv1064-JO-BGS<br><br>**ORDER DENYING SZANTO'S MOTION TO REOPEN CASE AND VACATE ORDER** |

　　　Debtor-Appellant Peter Szanto requested to reopen this case and vacate the Court's previous order denying a stay of foreclosure proceedings. Dkt. 19. For the following reasons, the Court denies the motion.

　　　Szanto pursued various measures to stall the impending foreclosure of the property located at 11 Shore Pine Drive, Newport Beach, CA 92657 (the "Property"). *See* Dkt. 1. Szanto filed for bankruptcy, which ordinarily would stay foreclosure proceedings automatically. *Id.* However, the bankruptcy court granted Creditor-Appellee Chase Bank's ("Chase") request to proceed with the foreclosure proceedings based on Szanto's history of bad faith and thirteen years of non-payment of mortgage. *Id.* at 4. Szanto appealed the bankruptcy court's order to this Court. Dkt. 1. He then requested that the bankruptcy court stay the foreclosure proceedings of the Property pending the appeal. Dkt.

1

2 at 41. The bankruptcy court denied his stay request, so Szanto turned to this Court with the same request. Dkt. 2. On August 15, 2022, this Court also denied Szanto's motion to stay. Dkt. 11. That same day, the foreclosure trustee sold the Property to a third party, who recorded the deed on October 3, 2022. *See* RJN, Ex. C.[1] Despite the sale of the Property, on February 23, 2023, Szanto proceeded to file this motion to reopen his appeal and vacate the Court's order denying his motion to stay. Dkt. 19.

The Court denies Szanto's request to vacate its prior order and grant a stay on mootness grounds. The doctrine of mootness precludes a federal court from deciding issues "that cannot affect the rights of litigants in the case before them." *In re Di Giorgio*, 134 F.3d 971, 974 (9th Cir. 1998) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). Where an action loses its "character as a present live controversy during the course of litigation," including on appeal, a federal court must therefore dismiss the action as moot. *Id.*; *Foster v. Carson*, 347 F.3d 742, 746 (9th Cir. 2003) (where a party seeks injunctive relief but "the activities sought to be enjoined already have occurred, and the appellate courts cannot undo what has already been done, the action is moot, and must be dismissed."). In the bankruptcy context, a debtor's appeal of a bankruptcy court's order permitting a sale of his assets is moot where the debtor failed to obtain a stay of the order and the sale and associated transactions have already transpired. *In re Onouli-Kona Land Co.*, 846 F.2d 1170, 1171 (9th Cir. 1988); *In re Upland Partners*, 109 Fed. Appx. 153, 155 (9th Cir. Aug. 19, 2004) (unpublished) (affirming dismissal of bankruptcy appeal as moot where property was sold). Here, the Property has been sold in foreclosure to an unrelated

---

[1] Chase filed a request for judicial notice of the Trustee's Deed Upon Sale ("Trustee's Deed") recorded in the Official Records of Orange County, California, as Document No. 2022000323819 on October 3, 2022. RJN, Ex. C. Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are not subject to reasonable dispute and "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. A court may take judicial notice of documents in the public record, including deeds of trust. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Pantoja v. Countywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1189 fn.12 (N.D. Cal. 2009). Because the Trustee's Deed is not subject to reasonable dispute and a matter of public record, the Court grants Chase's request and takes judicial notice of the Trustee's Deed.

third party, so Szanto's request for a stay of that foreclosure is no longer a "live controversy." *In re Di Giorgio*, 134 F.3d at 974. Because Szanto seeks relief from conduct that has already occurred, the Court denies this request as moot. Accordingly, the Court DENIES Szanto's request to reopen the case and vacate the Court's prior order [Dkt. 19].

**IT IS SO ORDERED**.

Dated: June 15, 2023

_____
Honorable Jinsook Ohta
United States District Judge